1
2
3
4
5
6
7

United States District Court
Northern District of California

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12    NGA INVESTMENT, LLC,                    Case No.  5:14-cv-02457 HRL

13                    Plaintiff,              **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE; ORDER FINDING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

14            v.

15                                            **REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR REMAND AND SANCTIONS BE GRANTED**

16    REUBEN BERONILLA, MARIA V.
      BERONILLA, and DOES 1-5, inclusive,

17                    Defendants.

18            This is the fourth time defendants Reuben and Maria Beronilla have removed this unlawful

19    detainer action from the Santa Clara County Superior Court, despite prior orders from three

20    different judges telling them that there is no federal question or diversity jurisdiction over this

21    matter.[1]  They also seek leave to proceed in forma pauperis (IFP).  Plaintiff moves for an order

22    remanding this action to state court, as well as an order imposing sanctions---i.e., a pre-filing order

23    prohibiting defendants from removing this case without first obtaining the court's permission.

24    Defendants have filed a written opposition, maintaining that they "properly removed the action to

25    this Court on the basis of diversity jurisdiction and because the amount in controversy exceeds

26

27    _____

28    [1] See *NGA Investment, LLC v. Beronilla*, Case No. 5:14-cv-01357 PSG (Dkt. 11); *NGA Investment, LLC v. Beronilla*, Case No. 5:14-cv-01842 BLF (HRL) (Dkt. 4 and 7); and *NGA Investment, LLC v. Beronilla*, Case No. C14-cv-02227 PSG (Dkt. 7 and 9).

1    $75,000." (Dkt. 8 at 1).  The matter was deemed submitted on the papers without oral argument.

2    (Dkt. 7).  For the reasons stated below, the undersigned deems the IFP application moot and

3    recommends that plaintiff's motion for remand and for sanctions be granted.

4        **A.  Defendants' IFP Application**

5        A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the

6    court is satisfied that the applicant cannot pay the requisite filing fees.  28 U.S.C § 1915(a)(1).  In

7    evaluating such an application, the court should "gran[t] or den[y] IFP status based on the

8    applicant's financial resources alone and then independently determin[e] whether to dismiss the

9    complaint on the grounds that it is frivolous."  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1226-27 n.5

10   (9th Cir. 1984).  A court may dismiss a case filed without the payment of the filing fee whenever it

11   determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

12   may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

13   relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

14       Here, as in previous cases, only Reuben Beronilla filed a financial affidavit.  That affidavit

15   is identical to one he filed in an earlier iteration of the Beronillas' removals and which this court

16   found insufficient.  (<u>See</u> Case No. 5:14-cv-01840BLF (HRL), Dkt. 2 and 4).  The affidavit is

17   ambiguous in that Mr. Beronilla indicates that he currently is employed, but fails to provide his

18   gross and net salary information.  (Dkt. 2 at 1).  He goes on, however, to suggest that the date of

19   his last employment was October 13, 2013.  (<u>Id.</u> at 2).  Additionally, while Mr. Beronilla

20   continues to state, under penalty of perjury, that the instant action does not raise claims that have

21   been presented in other lawsuits, this is the <u>fourth</u> time they have removed the same unlawful

22   detainer action here.  As this court previously ruled, the undersigned might have, under different

23   circumstances, required Reuben Beronilla to re-submit a complete application and required Maria

24   Beronilla to file a separate financial affidavit.  However, defendants' IFP application is deemed

25   moot because, for the reasons discussed below, this court concludes that there is no federal subject

26   matter jurisdiction anyway.

27

28

United States District Court
Northern District of California

2

**B. Plaintiff's Motion for Remand**

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction.  Fed. R. Civ. P. 12(h).  A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

As the Beronillas repeatedly have been told:

There is no federal question jurisdiction because the complaint contains no claim arising under federal law.  See Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009) (A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief).  Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Nor is there any basis for diversity jurisdiction.  Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states.  28 U.S.C. §1332.  In their opposition, the Beronillas insist that diversity jurisdiction exists "because the amount in controversy exceeds $75,000."  (Dkt. 8 at 1).  However, the undersigned previously pointed out why that cannot be the case:   plaintiff's complaint indicates that the amount in controversy does not exceed $10,000.  (See Case No. 5:14-cv-01842 BLF (HRL), Dkt. 4, 7).  Moreover, defendants have not established that the amount in controversy exceeds $75,000—nor is it apparent that they can do so.  Unlawful detainer actions involve the right to possession alone, not title to the property.  So, the fact that the subject property may be worth more than $75,000 is irrelevant.  MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012

United States District Court
Northern District of California

WL 2906762 at *1 (N.D. Cal., July 13, 2012).  In any event, the record presented indicates that defendants are California citizens (<u>see</u> Dkt. 1-1, Section III), and they previously have been told that as California defendants, they are prohibited from removing the unlawful detainer action to this court.[2]  28 U.S.C. § 1441(b)(2) (stating that an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); <u>Spencer v. U.S. Dist. Ct.</u>, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Plaintiff's motion for remand should be granted.

**C. Plaintiff's Motion for Sanctions**

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the continued removal of this case was and is improper.  Indeed, the Beronillas were warned that continued attempts to remove this matter may result in sanctions.  (<u>See</u> Case No. 5:14-cv-01842BLF, Dkt. 4 and 7).[3]  Plaintiff now requests an order imposing sanctions---namely, a pre-filing order prohibiting them from ever removing this action again without a court order authorizing the removal.

"Federal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances,'" including the issuance of pre-filing orders.  <u>Bridgewater v. Hayes Valley Ltd. Partnership</u>, No. 10-03022 CW, 2011 WL 635268 at *4 (N.D. Cal., Feb. 11, 2011) (quoting <u>DeLong v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir.1990)).  Pre-filing orders are rarely used and "cannot issue merely upon a showing of litigiousness."  <u>Moy v. United States</u>, 906 F.2d 467, 470 (9th Cir. 1990).  Nevertheless, "district courts 'bear an affirmative obligation to ensure that judicial resources are not needlessly

---

[2] <u>See</u> Case No. 5:14-cv-01357 PSG (Dkt. 11); Case No. 5:14-cv-01842 BLF (HRL) (Dkt. 4 and 7)).

[3] As discussed below, Judge Grewal has also issued an order finding defendants' third removal to be frivolous and directing them to show cause why they should not be sanctioned.  (<u>See</u> Case No. 5:14-cv-02227 PSG, Dkt. 9).  That matter remains pending.

United States District Court
Northern District of California

1    squandered on repeated attempts by litigants to misuse the courts.'"  Bridgewater, 2011 WL

2    635268 at *4 (quoting O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir.1990)).  And, "'[f]lagrant

3    abuse of the judicial process cannot be tolerated because it enables one person to preempt the use

4    of judicial time that properly could be used to consider the meritorious claims of other litigants."

5    Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting De Long, 912

6    F.2d at 1148)).  In determining whether a pre-filing order should issue, courts must (1) give the

7    litigant notice and an opportunity to be heard; (2) compile and adequate record for review; (3)

8    make substantive findings about the frivolous or harassing nature of the litigant's filings; and (4)

9    narrowly tailor any resulting order to fit the specific vice encountered.  Id.

10        The Beronillas have been given adequate notice.  The docket reflects that plaintiff served

11   its motion on defendants.  Moreover, that motion is virtually identical to the one plaintiff

12   previously filed and served in the Beronillas' third removal action.  (See Case No. 5:14-cv-02227

13   PSG, Dkt. 5).  Defendants filed an opposition, evidencing that they had notice of both the instant

14   motion and the undersigned's order directing them to respond to the motion in writing.  An

15   opportunity to be heard does not require an oral or evidentiary hearing, and due process is satisfied

16   by the opportunity to brief the issue.  Molski, 500 F.3d at 1058-59 (citing Pac. Harbor Capital, Inc.

17   v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir 2000)).

18        Defendants' litigation history establishes a troubling record of repeated removals of the

19   same unlawful detainer action, in apparent disregard of the orders issued by no less than three

20   judges of this district:

21        • Case No. 5:14-cv-01357 PSG:  Defendants filed the first removal notice on March

22          25, 2014, two days before plaintiff says that the unlawful detainer action was set

23          for trial.  Plaintiff moved to remand.  There is no indication that defendants filed

24          any opposition to that motion, and they made no appearance at the motion hearing.

25          (Dkt. 10).  On April 23, 2014, Judge Grewal granted plaintiff's motion for remand,

26          specifically telling defendants that the complaint contained no federal claim and

27          that, as California defendants, the Beronillas could not remove the case based on

28                                              5

1    diversity.  (Dkt. 11).

2    • Case No. 5:14-cv-01842 BLF (HRL):   Meanwhile, on April 22, 2014 (one day

3      before Judge Grewal issued his remand order in the first removal action), the

4      Beronillas filed a second removal notice as to the same unlawful detainer case.  The

5      matter originally was assigned to this court, which issued a Report and

6      Recommendation (R&R) on April 24 for remand to state court.  (Dkt. 4).  The

7      R&R---which again advised defendants that there was no basis for federal question

8      or diversity jurisdiction and also warned the Beronillas that further attempts to

9      remove the same matter may result in sanctions---was fully adopted by Judge

10     Freeman on May 12, 2014, and the case was remanded.  (Dkt. 7).

11   • Case No. 5:14-cv-02227 PSG:   Two days later, on May 14, 2014, the Beronillas

12     filed a third removal notice as to the same unlawful detainer action.  Plaintiff

13     moved for remand and asked for an order imposing sanctions in the form of a pre-

14     filing order.  (Dkt. 5).  Finding this third attempt at removal to be frivolous, Judge

15     Grewal denied defendants' IFP application and directed them to pay the requisite

16     filing fee.  (Dkt. 7).  Defendants evidently did not comply with that order.  And, on

17     May 28, Judge Grewal issued an order remanding the case and directing defendants

18     to show cause why they should not be sanctioned for removing the unlawful

19     detainer case for the third time without justification.  (Dkt. 9).  The docket indicates

20     that defendants never responded to that show cause order, and the deadline for their

21     response has passed.

22   • Case No. 5:14-cv-02457 HRL:   On May 28, 2014 (the same day Judge Grewal

23     issued his order to show cause in the third removal action), the Beronillas filed a

24     fourth removal notice as to the same unlawful detainer case, resulting in the instant

25     action currently assigned to this court.

26        The Beronillas' serial duplicative removals are frivolous and harassing.  As demonstrated

27   by the court's records, defendants have repeatedly removed the same unlawful detainer action

28                                                   6

despite being told by three different judges that there is no basis whatsoever for federal jurisdiction.  Defendants made minimal effort (or no effort) to respond to plaintiff's motions for remand and sanctions.  Nor did they respond to Judge Grewal's order to show cause in the third removal case.  That conduct, coupled with the timing of defendants' removal notices, suggest that defendants continue to remove this same unlawful detainer case---not because they actually believe removal to be proper---but because they seek to avoid trial and judgment in the state court where this action belongs.  Unlawful detainer cases are meant to be processed in an expedited manner.  Bank of New York Mellon v. Brewer, No. C12-03179 RMW, 2012 WL 3904342 at *4 (N.D. Cal., Sept. 12, 2012) (citing Cal. Code Civ. Proc. § 1179a).  Yet, plaintiff's unlawful detainer action remains pending, and plaintiff's counsel avers that he has been forced to continue the trial six times due to defendants' repeated removals.  (Dkt. 5-1, Paris Decl. ¶ 7).  Defendants' unfounded removal notices have required plaintiff to spend time and resources in filing motions to remand.  They have impaired the state court's ability to properly manage its cases.  And, they have wasted the limited resources of this court---judicial time that could be used to consider the meritorious claims of other cases that properly are here.  The Beronillas' filings therefore have had significant disruptive effect.  See Brewer, 2012 WL 3904342 at *4 (concluding that defendant's three removals of the same unlawful detainer action were frivolous and harassing).  "Frivolous and harassing claims crowd out legitimate ones and need not be tolerated repeatedly by the district courts."  O'Loughlin, 920 F.2d at 618.

In its motion, plaintiff expresses concern that monetary sanctions will do no good.  Given their claim to be impecunious, it is unclear whether defendants would be in a position to pay any such sanctions.  Moreover, Judge Grewal's prior order directing them to pay the filing fee in the third removal case went unheeded.  And, as discussed above, defendants have continued to file one removal notice after the other, despite multiple court orders explaining that removal was improper and warning them that further removal attempts may be sanctioned.  Defendants fail to address any of plaintiff's arguments that they have filed no less than four successive and unfounded removal notices as to the same unlawful detainer case.  Thus, without an order deeming

1  defendants to be vexatious litigants, it seems likely that they will continue to pursue baseless

2  removals of the underlying unlawful detainer suit.

3       The requested pre-filing order is narrowly tailored to the underlying unlawful detainer

4  action.  See, e.g., Brewer, 2012 WL 3904342 at *4 (finding that a pre-filing review order was

5  narrowly tailored because it concerned only the removal of a particular unlawful detainer action);

6  Bridgewater, 2011 WL 635268 at *7 (finding that the requested pre-filing review order was

7  narrowly tailored where the moving party objected only to the filing of frivolous lawsuits based on

8  the same underlying unlawful detainer action).

9       Accordingly, the undersigned finds that defendants are vexatious litigants and that the

10  issuance of a pre-filing order, while drastic, is warranted.

11      Because the parties have yet to consent to the undersigned's jurisdiction, this court

12  ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned

13  RECOMMENDS that the newly assigned judge (1) grant plaintiff's motion for remand to the

14  Santa Clara County Superior Court; (2) grant plaintiff's motion for sanctions; and (3) issue a pre-

15  filing order instructing the Clerk of the Court not to accept any further removal filings pertaining

16  to Santa Clara County Superior Court case number 114CV261245, unless defendants obtain and

17  present a prior order from a judge of this district allowing them to file the removal papers.

18      The undersigned further RECOMMENDS that the pre-filing order provide as follows:  "IT

19  IS HEREBY ORDERED that before filing any further notices of removal of Santa Clara County

20  Superior Court case number 114CV261245, Reuben Beronilla and Maria V. Beronilla must first

21  apply to the court for, and obtain from the court, an order authorizing them to do so.  They must

22  attach the following documents to any such application:   (1) a copy of Judge Lloyd's Report and

23  Recommendation issued in this case, (2) a copy of this order, and (3) a copy of the proposed filing.

24  The Clerk of the Court shall not accept for filing any further notices of removal of Santa Clara

25  County Superior Court case number 114CV261245, unless defendants obtain and present a prior

26  order from a judge of this district allowing them to file the removal papers."

27      Any party may serve and file objections to this Report and Recommendation within

28

United States District Court
Northern District of California

8

1  fourteen days after being served.  Fed. R. Civ. P. 72.

2  Dated:   July 14, 2014

3  _____
4  HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9

5:14-cv-02457-HRL Notice has been electronically mailed to:

Daniel Thomas Paris     parislaw1@msn.com

5:14-cv-02457-HRL Notice sent by U.S. Mail to:

Reuben Beronilla
2904 Winwood Way
San Jose, CA 95148

Maria Beronilla
2904 Winwood Way
San Jose, CA 95148

United States District Court
Northern District of California

10