UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NGA INVESTMENT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>REUBEN BERONILLA, et al.,<br><br>    Defendants. | Case No. 14-cv-02457-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND PRE-FILING ORDER**<br><br>[Re: ECF Nos. 5, 9] |

    This is an unlawful detainer action originating in Santa Clara County Superior Court that *pro se* defendants Reuben and Maria Beronilla have serially removed to federal court, despite three prior orders informing them that there was no basis for federal jurisdiction. Before the Court is Magistrate Judge Howard R. Lloyd's "Report and Recommendation That Plaintiff's Motion For Remand and Sanctions Be Granted," filed July 14, 2014. (ECF 9) Judge Lloyd recommends that the Court grant Plaintiff's motion to remand the case back to Santa Clara County Superior Court, grant Plaintiff's motion for sanctions, and sanction Defendants by issuing a narrowly tailored pre-filing order instructing the Clerk of the Court not to accept any further removal filings pertaining to Santa Clara County Superior Court case number 114CV261245 without prior written approval from a judge of this district. (*Id.* at 8)

    On July 29, 2014, Defendants filed a timely objection to Judge Lloyd's Report and Recommendation. (Def.'s Obj., ECF 11) Defendants did not identify any specific portion of the Report and Recommendation to which they object, arguing instead that they did not consent to Judge Lloyd's jurisdiction in deciding Plaintiff's Motion to Remand and Request for Sanctions. (*See* Def.'s Obj. 2-7) Defendants' argument is without merit.

1    As a preliminary matter, pursuant to the local rules of this Court, Defendants were placed on notice that their case had been assigned to a Magistrate Judge upon removal. (*See* Order Setting Initial Case Management Conference and ADR Deadlines, ECF 3; *see also* General Order 44, *available at* http://www.cand.uscourts.gov/filelibrary/132/G.O.%2044_Rev_12.17.13.pdf.) Defendants were given ample time and opportunity to decline magistrate judge jurisdiction, yet they never filed the required written declination form. In fact, Defendants went so far as to respond to Plaintiff's Motion for Remand without indicating their objection to magistrate judge jurisdiction. (*See* Def.'s Opp., ECF 8; *see also* Civ. L.R. 73-1(a)(2) (requiring parties to file written consent or declination within 7 days after filing of motion that cannot be heard by magistrate judge without consent of the parties))

Setting aside Defendants' failure to decline magistrate judge jurisdiction, Judge Lloyd fully complied with 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72(b), and this district's local rules by entering a Report and Recommendation for review by a randomly assigned district judge. (*See* Report and Recommendation, ECF 9) Notably, Judge Lloyd did not enter *judgment* against Defendants, despite their continued failure to file a written consent or declination to magistrate judge jurisdiction. As the district judge randomly assigned to this case by the Clerk of the Court, (*see* Order Reassigning Case, ECF 10), the undersigned "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b).

Because Defendants timely objected to Judge Lloyd's Report and Recommendation, this Court conducts a *de novo* review of the report.[1] *Id.* Having reviewed the entire record *de novo*, this Court finds Judge Lloyd's Report and Recommendation to be correct, well-reasoned, and well-founded in fact and in law. Defendants have been repeatedly informed by judges of this court that there is no federal jurisdiction over this unlawful detainer action because no federal question appears on the face of the *complaint* and because removal on the basis of diversity

---

[1] The Court notes that Defendants failed to identify specific portions of the report to which they object, as required by 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72(b)(2), and Civil Local Rule 72-3. Nevertheless, in view of Defendants' *pro se* status, this Court shall conduct a *de novo* review of the record and report.

2

1  jurisdiction is barred by 28 U.S.C. § 1441(b)(2) due to Defendants' residency in California.  (*See*
2  *NGA Investment, LLC v. Beronilla*, No. 5:14-cv-01357 PSG (ECF 11); *NGA Investment, LLC v.*
3  *Beronilla*, No. 5:14-cv-01842 BLF (ECF 4, 7))  That Defendants seek to raise issues of Plaintiff's
4  standing and "fraud upon the Court," (*see* Def.'s Obj. 7), is not sufficient to confer federal
5  jurisdiction because those purported federal questions do not appear on the face of Plaintiff's
6  complaint.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir.
7  2009).  Defendants' serial attempts to remove this case to federal court are accordingly frivolous
8  and in violation of prior court orders remanding the case for lack of jurisdiction.  The Court
9  therefore adopts the Report and Recommendation in every respect.

10  Plaintiff's Motion to Remand is GRANTED, and the action is hereby remanded to the
11  Superior Court of California for the County of Santa Clara.[2]

12  For the reasons stated above and in Judge Lloyd's Report and Recommendation, the Court
13  finds Reuben Beronilla and Maria V. Beronilla to be vexatious litigants.  IT IS HEREBY
14  ORDERED that before filing any further notices of removal of Santa Clara County Superior Court
15  case number 114CV261245, Reuben Beronilla and Maria V. Beronilla must first file a motion
16  with the court seeking leave to file a notice of removal.  Any such motion must include: (1) a copy
17  of Judge Lloyd's Report and Recommendation issued in this case, (2) a copy of this order, and (3)
18  a copy of the proposed filing.  The Clerk of the Court shall not accept for filing any further notices
19  of removal of Santa Clara County Superior Court case number 114CV261245 unless accompanied
20  by an order from a judge of this district granting Defendants leave to file the removal papers.

22  **IT IS SO ORDERED.**

23  Dated: August 4, 2014

24  _____
25  BETH LABSON FREEMAN
    United States District Judge

---

[2] Defendants' Application to Proceed *In Forma Pauperis*, (ECF 2), is accordingly DENIED as moot.

3